UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARCOS GARCIA BONILLA, | No. 1:26-cv-02765-DJC-AC |
| Petitioner, | |
| v. | ORDER |
| WARDEN, | A# 206-161-398 |
| Respondents. | |

Petitioner Jose Marcos Garcia Bonilla is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 2).  The Court initially identified that this case may be similar to others previously addressed by the Court.  (ECF No. 6.)  However, on review of the information provided by Respondents, those cases are not applicable here.

**BACKGROUND**

Petitioner is a native and citizen of El Salvador who originally entered the United States on or about August 24, 2013.  (Opp'n (ECF No. 7) at 2.)  Petitioner was removed to El Salvador but re-entered the United States on or about May 25, 2014.  (*Id.*)  Petitioner's prior order of removal was reinstated, and Petitioner was placed in

1

withholding-only proceedings.[1] (*Id.*)  On November 19, 2014, Petitioner was granted withholding of removal to El Salvador.  (*Id.* at 3.)  Petitioner has since received approval for a "Petition for Amerasian, Widow(er), or Special Immigrant" and has filed an application to "Register Permanent Residence or Adjust Status" that is pending. (*Id.*)  On February 18, 2026, Petitioner was re-detained by immigration officers.  (*Id.*) Respondents have expressed an intent to remove Petitioner to Mexico.

**DISCUSSION**

Respondents acknowledge that the initial 90-day removal period has passed but assert that Petitioner's present detention is valid under 8 U.S.C. § 1231(a)(6). Respondents are mistaken.  That provision permits continued detention for certain individuals who are already detained "beyond the removal period[.]"  8 U.S.C. § 1231(a)(6).  It does not provide a legal basis to re-detain an individual who has already been released after it was determined that removal was not foreseeable. The decision to revoke Petitioner's release and detain him is thus governed by 8 U.S.C. § 1231(a)(3).

Respondents also suggest that "Petitioner has made no showing or argued that his removal is not reasonably foreseeable."  (Opp'n at 5.)  But as Petitioner was already released, the Government bears the burden to establish that removal is reasonably foreseeable to justify re-detention.  *See Artemenko v. Warden of Golden State Annex Ice Det. Facility*, No. 1:25-cv-01943-DAD-AC, 2026 WL 523670, at *2 (E.D. Cal. Feb. 25, 2026) (quoting *Martinez v. Bondi*, No. 1:25-cv-01633-EFB (HC), 2025 WL 3650477, at *3 (E.D. Cal. Dec. 16, 2025) (collecting cases)).  Respondents do not attempt to justify that removal is reasonably foreseeable.  Respondents even acknowledge that "removal is not currently scheduled" (Opp'n at 5) and that Petitioner has expressed a fear of removal to Mexico (Opp'n at 3).  There is no indication that Respondents have received, or even begun process of obtaining, travel documents for Petitioner.

---

[1] Petitioner appears to have been released from ICE custody with a notice to appear on August 26, 2014.  (*Id.* at 3.)

2

Respondents do mention in passing that Petitioner allegedly engaged in criminal conduct for which he was not charged.  (Opp'n at 3.)  Respondents do not argue that this was the reason for Petitioner's re-detention or that it provides a legal justification for that re-detention.  It is possible that this alleged activity might provide a basis for Respondents to revoke Petitioner's release.  *See* 8 C.F.R. § 241.13(i)(1).  But even if it did, there is no indication that Respondents followed the necessary procedures to revoke Petitioner's release by providing him an opportunity to contest that he did not violate his order of supervision.  *See* 8 C.F.R. § 241.13(i)(3).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

2. Within seven (7) days of this Order, Respondents must properly seek to revoke Petitioner's release as provided by regulation.  If Respondents do not engage in the appropriate revocation procedures in that time, Petitioner must be promptly release from custody.

3. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **April 24, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

3