UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE MARCOS GARCIA BONILLA

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY

Respondent.

No. 1:26-cv-02765-DJC-AC

RELEASE ORDER

A# 206-161-398

Before the Court is Petitioner's Motion to Reopen Case and Motion to Enforce Judgement. (ECF No. 11.) On April 24, 2026, this Court granted Petitioner's first Petition for Writ of Habeas Corpus and ordered Respondents to "properly seek to revoke Petitioner's release as provided by regulation" within seven days. (Order (ECF No. 9).) The Court stated that "[i]f Respondents do not engage in the appropriate revocation procedures in that time, Petitioner must be promptly release from custody." (*Id.*)

Following this order, Respondents provided Petitioner with a Notice of Revocation, proof of service, an informal interview form, and a written statement signed by Petitioner. (Suppl. (ECF No. 15), Ex. C.) After the Court appointed counsel, Petitioner filed a supplemental brief arguing that the produced documents do not

establish proper revocation of release under the governing regulations. (Suppl.) The Court ordered Respondents to file a response on or before July 16, 2026. (ECF No. 16.) Respondents did not do so. On July 24, 2026, Petitioner filed a Reply noting that Respondents' lack of response leaves Petitioner's showing unrebutted. (ECF No. 17.) On July 28, 2026, this Court issued another order noting Respondent's failure to respond and ordering a response filed on or before July 29, 2026. (ECF No. 18.) The order warned that the Court may construe Respondents' failure to file a timely response as non-opposition to Petitioner's motion. (*Id.*) Respondents did not file before July 28, 2026. Accordingly, the Court construes Respondents' failure to respond to Petitioner's Motion as Respondents' non-opposition to the Court granting that Motion in full.

The Court notes that the Supplement in support of Petitioner's Motion to Reopen Case and Enforce Judgement correctly argues that Respondents' revocation is still not compliant with the regulations and independently provides valid grounds for the Court to grant Petitioner's Motion. As seen in their Notice of Revocation of Release, the Government's stated reason for revoking Petitioner's release is that Petitioner "engaged in criminal activity by selling cocaine to an undercover Loudon County Police Officer." (Suppl., Ex. C at 8.) However, in the informal interview that the Government provided Petitioner pursuant to 8 C.F.R. § 241.4(l)(1), Petitioner stated that he was collaborating with the police as a confidential informant and has evidence proving that collaboration. (*Id.* at 11.) Respondents' own paperwork supports Petitioner's account: the RAP sheet submitted by Respondents does not show any charge related to cocaine or other drugs, and Petitioner's I-213 explicitly explains that Petitioner was "not charged" for selling drugs because of his "agreement to cooperate with Loudon County Drug and Gang Unit." (ECF No. 7-8; ECF No. 7-1.). An interview in which the Petitioner negates the sole stated ground for the revocation of relief and the Government fails to address or rebut his statement does not amount to "an

opportunity to respond to the reasons for revocation" pursuant to 8 C.F.R. § 241.4(l)(1). To hold otherwise would be to equate lip service to that process.

The Court finds that Respondents' failure to address Petitioner's statement and evidence undermining the basis of their revocation violates both section 241.4 and Petitioner's constitutional due process. *See Saelee v. Bondi*, No. 2:25-cv-02677-TLF, 2026 WL 221513, at *3 (W.D. Wash. Jan. 28, 2026) (stating that an informal interview where the Petitioner was "afforded no meaningful opportunity to contest ICE's assertions" was not "consistent with due process because there was not an opportunity to be heard in a meaningful time or manner.") Given this violation, and given Respondents' non-opposition, the Court grants Petitioner's Motion to Reopen Case and Enforce Judgement. (ECF No. 11.) As this Court explained in its past order, since Respondents did "not engage in the appropriate revocation procedures in that time, Petitioner must be promptly release from custody." (Order (ECF No. 9).)

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Petitioner's unopposed Motion to Reopen Case and Motion to Enforce Judgment (ECF No. 11) is GRANTED;

2. Respondents are ORDERED to immediately release Petitioner Jose Marcos Garcia Bonilla from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.

3. The Clerk of the Court is directed to serve Golden State Annex Detention Facility with a copy of this Order.

4. The Clerk of the Court is further directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **August 20, 2026**

Daniel J. Calabretta
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC-10-Bonilla1-26-cv-02765.merits